# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH RIAD et al.,** *Plaintiffs,* | : : : | **CIVIL ACTION** |
| v. | : : | No. 19-4292 |
| **WELLS FARGO BANK, N.A.,** *Defendant.* | : : : | |

## MEMORANDUM

In its Motion to Compel Arbitration and Stay Plaintiffs' Unauthorized Account Claims, Defendant Wells Fargo seeks to compel arbitration on claims concerning the unauthorized opening of accounts, of which Plaintiffs allege they were not aware, based on arbitration clauses in agreements for Plaintiffs' authorized accounts. ECF No. 8. Wells Fargo contends that "any and all disputes" that Plaintiffs may have with Wells Fargo "were subject to arbitration" through account agreements for existing accounts, even though Plaintiffs do not allege they signed any arbitration agreements for the unauthorized accounts. *See id.* at 14-15 ("[N]o matter when Plaintiffs['] alleged unauthorized account claims may have allegedly occurred, they are subject to arbitration per the terms of the account agreements for the Indisputable Accounts.").

"Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)

(citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960)). Plaintiffs allege that an employee or employees of Defendant Wells Fargo opened numerous unauthorized accounts in Plaintiffs' name or in which Plaintiffs held a beneficial interest. ECF No. 1 at ¶¶ 64, 190, 191. As neither party claims that Plaintiffs signed an arbitration agreement for the unauthorized accounts, Defendant's attempt to bind Plaintiffs to arbitration through the accounts they did have with Wells Fargo, which are not the subject of the claims at issue, is utterly unpersuasive. Therefore, this Court does not conclude that Plaintiffs agreed to submit to arbitration on these unauthorized account claims.

For the foregoing reasons, Defendant Wells Fargo's Motion to Compel Arbitration and Stay Plaintiffs' Unauthorized Account Claims (ECF No. 8) will be denied. If discovery reveals that these unauthorized accounts are, in fact, authorized and that there was a meeting of the minds of the parties, Defendant may, at that time, refile to compel arbitration. An appropriate order will follow.

DATE:

12-4-2019

BY THE COURT:

CHAD F. KENNEY, JUDGE