IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH RIAD et al.,**　　*Plaintiffs,* | **CIVIL ACTION** |
| v. | **No. 19-4292** |
| **WELLS FARGO BANK, N.A.,**　　*Defendant.* | |

## MEMORANDUM

In its Motion for Reconsideration and/or Clarification of the Court's Order of December 4, 2019 (ECF No. 13), Defendant Wells Fargo contends that this Court must dismiss certain of Plaintiffs' claims pursuant to *Colorado River* because these claims are currently being litigated by the same parties in state court.

Defendant contends that refusing to dismiss Plaintiffs' claims "would be setting precedent that would allow any plaintiff who perceives their claims may go poorly in a state court, to simultaneously litigate those claims in a federal court simply by manufacturing an additional claim not previously pled." ECF No. 19. However, the Third Circuit has found that "[t]he general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." *Maryland v. Peat Marwick Main & Co.*, 923 F.2d 265, 275–76 (3d Cir. 1991).

Furthermore, "[w]hen a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate

vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). Here, dismissal of the Wire Transfer Claims and the Cashier Check Claims would not result in "complete and prompt resolution of the issues between the parties," because this Court would still have the Unauthorized Account Claims before it.

Lastly, the Third Circuit has repeatedly found that the *Colorado River* "doctrine is to be narrowly applied in light of the general principle that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307–09 (3d Cir. 2009) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)); *see also Ryan v. Johnson*, 115 F.3d 193, 197 (3d Cir.1997); *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 170–73 (3d Cir. 1999).

Therefore, Defendant's request for the Court to reconsider and grant its Motion to Dismiss the Wire Transfer Claims and the Cashier Check Claims based on *Colorado River* is denied.

An appropriate order will follow.

**DATE:**

1-2-2020

**BY THE COURT:**

_____
CHAD F. KENNEY, JUDGE