IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH RIAD <br> AND RIAD HOLDINGS, INC., <br> *Plaintiffs* <br> v. <br><br> WELLS FARGO BANK, N.A, <br><br> *Defendant.* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO. 19-4292 |

## ORDER

**AND NOW**, this **6th** day of **August 2020**, upon consideration of Defendant's Motion for Summary Judgment (ECF No. 50), Plaintiffs' response in opposition (ECF No. 52), Defendant's reply (ECF No. 63), and Plaintiffs' sur-reply (ECF No. 64), it is hereby **ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 50) is hereby **GRANTED in part, DENIED in part** as follows:

The Court **GRANTS** summary judgment as to Counts 1-5 in favor of Defendant.  The Court **GRANTS** summary judgment as to Count 6 with respect to the unauthorized wire claims, the cashier's check and deposit claims, and the unauthorized account claims as to the twelve accounts opened before January 17, 2012 in favor of Defendant.  The Court **DENIES** summary judgment as to **Count 6 with respect to Plaintiffs' claims that Defendant open or conducted activity**

**in Plaintiffs' accounts ending in 3314, 0908, 9053, 2947, 4562, 7014, and 4670 without authorization in violation of the UTPCPL.**

To maintain this claim at trial, Plaintiffs will need to establish that these claims are timely, that Defendant opened or conducted activity in these seven accounts without authorization in violation of the UTPCPL, and that Plaintiffs suffered an ascertainable loss, aside from attorney's fees, specifically as to these seven accounts. *See Grimes v. Enter. Leasing Co. of Philadelphia, LLC*, 629 Pa. 457, 465 (2014) ("[M]ere acquisition of counsel would not suffice to satisfy the 'ascertainable loss' requirement.")

As the Court granted summary judgment as to Counts 1-5 in their entirety and Count 6 with respect to the unauthorized wire claims, the cashier's check and deposit claims, and the unauthorized account claims as to the twelve accounts opened before January 17, 2012 in favor of Defendant, no evidence on any of these claims will be introduced at trial. The only evidence that will be presented at trial will be related to Defendant opening or conducting activity without authorization in the seven accounts opened after January 17, 2012 to establish that this claim is timely, to establish a violation of the UTPCPL, or to establish that Plaintiffs suffered an ascertainable loss.

                                                  **BY THE COURT:**

                                                  /s/ Chad F. Kenney_____
                                                  **CHAD F. KENNEY, J.**